IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN H. LYLES | ) |
| Plaintiff | ) |
| vs. | ) |
| ALLEGHENY COUNTY JAIL, ARAMARK COMMISSARY, Ms. LIGHTFOOT, Warden LIGHTFOOT and JOHN DOES, | ) Civil Action No. 02-2083<br>) Judge David S. Cercone/<br>) Magistrate Judge Lisa Pupo Lenihan |
| Defendants | ) |
| | ) Re: Doc. No. 30 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the case be dismissed due to Plaintiff's failure to prosecute. In the alternative, it is recommended that the Defendants' motion for summary judgment be granted.

### REPORT

John H. Lyles (Plaintiff), was apparently a federal inmate briefly housed at the Allegheny County Jail (Jail). He brings this civil rights action against Aramark Correctional Services, Inc., (hereinafter, "Aramark") identified as "Aramark Commasary" in the complaint. Aramark is both the provider of daily meals to the Jail inmates as well as the provider of commissary services to the inmates.

**A. Relevant Procedural History**

Plaintiff is proceeding pro se and was granted leave to proceed in forma pauperis. Doc. 2. Shortly after Plaintiff's complaint was filed, an order (Doc. 11) was issued directing that "Plaintiff shall immediately advise the court of any change in address. Failure to do so may result in dismissal for failure to prosecute if the court and other parties are unable to serve pleadings, orders and other documents upon plaintiff." Doc. 11 at pp. 4-5. This case has been the subject of previous proceedings where all claims against all defendants have been dismissed save for one claim against Aramark. Familiarity with those proceedings and the reports and recommendations and orders adopting them is presumed. The only remaining claim against Aramark is the allegation that it deliberately provided small and inadequate amounts of food for inmate meals so as to force inmates to purchase food from the commissary to supplement their diets.

Aramark filed a motion for summary judgment, Doc. 30, and a brief in support. Doc. 31. Attached to Aramark's summary judgment brief, was an affidavit provided by Mr. Ray Ballard, Aramark's Food Service Director at the Jail. In that affidavit, Mr. Ballard attested that

> 4. A corporate dietician from Aramark . . . establishes a four-week menu that provides adult inmates a weekly average of 2900 calories per day per inmate in accordance with guidelines of the American Correctional Association, which are based upon the current Recommended Daily Allowance (RDA's) and Dietary

2

> Reference Intakes (DRI's) for males and females 19-50 years as established by the Food and Nutrition Board of the Institute of Medicine. . .
> 5. As the Food Service Director at the Allegheny County Jail, I supervise and ensure that the daily meals provided to the inmates are made in accordance with the established menu by the dietician for Aramark Correctional Services.

Doc. 31, Ex. 1.

On January 26, 2005 an order (Doc. 33) was filed directing Plaintiff to file his response to Aramark's summary judgment motion by February 14, 2005. No response was filed and no request for extension of time was filed. Accordingly, the court issued another order, Doc. 34, on May 20, 2005, directing that Plaintiff be allowed until June 3, 2005 to file his response to the summary judgment motion or it would be decided without benefit of his response. That order was mailed to Plaintiff at FCI-Allenwood, where he was incarcerated. However, the order came back to the court as being undeliverable even though FCI-Allenwood had apparently forwarded the order to the Bergen County Jail in Hackensack, New Jersey, which then directed that it be returned it to the sender. Consequently, the Court entered another order on August 8, 2005, Doc. 35, in which it directed Plaintiff to show cause why this case should not be dismissed for failure to prosecute and warning Plaintiff that failure to respond to the order by August 29, 2005 "will result in a recommendation to the District Judge that this case be dismissed." Doc. 35 at 2. Plaintiff did not respond.

**B. Dismissal for Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure deals with involuntary dismissals and provides in relevant part that a court may dismiss an action

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

A court's decision to dismiss for failure to prosecute is committed to the court's discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). Those six Poulis factors are:

---

[1] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). For the Court of Appals has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir.1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

In considering the Poulis factors, the first factor weighs particularly heavy against Plaintiff, given that he is pro se and has no one to blame but himself for his failure to keep the court and parties informed of his current address and so to enable him to receive the court's orders and notices. He was warned that it was his responsibility to do so. The court can only surmise that he apparently has been released from prison and lost interest in prosecuting this case further. There may be some slight prejudice to Aramark, given that it too cannot contact Plaintiff

so as to conduct any further discovery that would be needed, should summary judgment be denied. However, this is only a slight consideration. Considering the remaining <u>Poulis</u> factors, including the meritoriousness of the claim, which as shown below is not very meritorious, it is apparent that Plaintiff's suit should be dismissed for failure to prosecute.

### C. Alternatively, Summary Judgment should be granted

#### 1. Summary Judgment Standard

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. <u>Walters ex rel. Walters v. General Motors Corp.</u>, 209 F.Supp.2d 481, 484 (W.D. Pa. 2002). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a <u>genuine issue for trial</u> . . ." or the factual record

will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587. The inquiry involves determining whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52).

2. **Eighth Amendment Standards Apply[2]**

---

[2] From the complaint, it is unclear whether Plaintiff was, at the time the events took place, a pretrial detainee or a convicted prisoner. Doc. 3 at ¶ I (indicating that he was not serving any sentence at the time). Plaintiff's status is significant because his status determines which Constitutional Amendment applies to him. Whereas the Eighth Amendment applies to convicted prisoners, the Fourteenth Amendment applies to pretrial detainees. Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997). However, the standards for proscribing inhumane treatment of pre-trial detainees under the Fourteenth Amendment and for proscribing cruel and unusual punishment under the Eighth Amendment are the same. See Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.")(citations omitted); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985)("This court holds that in regard

7

Plaintiff's complaint claims that he is being denied adequate food.

The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted." The Supreme Court has explained that analysis of a violation of the Eighth Amendment involves a two pronged inquiry: 1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and 2) a "subjective inquiry" into the mind of the person inflicting the harm. Wilson v. Seiter, 501 U.S. 294 (1991). In analyzing the objective component, the Third Circuit Court has described the inquiry as whether the prisoner has been deprived of the "minimal civilized measure of life's necessities." Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute on other grounds as stated in, Ghana v. Holland, 226 F.3d 175 (3rd Cir. 2000). Proving that one has been deprived of the minimal civilized measure of life's necessities requires proof that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

Plaintiff bears the burden to prove, by competent evidence,

---

to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."). Cf. Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987).

both the subjective and the objective components of the Eighth Amendment. <u>Newland v. Achute</u>, 932 F.Supp. 529, 532 (S.D.N.Y., 1996) ("The plaintiff's burden in proving an Eighth Amendment violation consists of both an objective and subjective element."); <u>Pasha v. Barry</u>, No. Civ. A. 96-466, 1996 WL 365408, *1 (D.D.C. June 21, 1996)("the plaintiff bears the burden of demonstrating that his claims satisfy both the objective and subjective requirements of a claim of 'cruel and unusual punishment.'").

Through the affidavit of Mr. Ray Ballard, Aramark has successfully carried its initial summary judgment burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. <u>Walters ex rel. Walters v. General Motors Corp.</u>, 209 F.Supp.2d at 484. Plaintiff, having failed to respond to the summary judgment motion, permits this court to take the factual record as presented by the moving party, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. at 587, and find that there is no genuine issue of material fact that Aramark is denying him adequate food in contravention of his federal constitutional rights. Because the record lacks any evidence as to Aramark's providing nutritionally inadequate food, and hence, no evidence that Aramark is depriving Plaintiff the minimal civilized level of life's necessities, summary judgment should be entered in Aramark's favor.

9

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: 8-30-05

cc: The Honorable David S. Cercone
United States District Judge

John H. Lyles
51767-060
FCI Allenwood
P.O. Box 2500
White Deer, PA 17887

Jeffrey A. Ramaley
Zimmer Kunz
600 Grant Street
3300 USX Tower
Pittsburgh, PA 15219
(412) 281-8000